```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:06CV128-MU-02
                     (3:02CR242-MU)
```

| | | |
|---|---|---|
| **TROY LAMAR MORTON,** | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | <u>**ORDER**</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on "Petitioner's Traverse Motion And For Reconsideration Of Court's Denial Of Petitioner's Motion Requesting A Certificate Of Appealability Review Pursuant To Local Rule 22(a) And In The Alternative Notice Of Appeal" (3:06CV128, document # 4) filed March 30, 2006; and on his "Petitioner's Motion To Seek An Application For Certificate Of Appealability Federal Rule Application [sic] Procedure 22(b)(1)" (3:02CR242, document # 323), filed May 30, 2006.

For the reasons stated herein, the petitioner's Motion for Reconsideration will be <u>denied</u>; his Motion for a Certificate of Appealability will be <u>denied</u>; but his alternative Notice of Appeal will be transmitted to the Fourth Circuit Court of Appeals.

As was recounted in the Court's Order of March 20, 2006 (by which the petitioner's unauthorized third collateral challenge to his 2003 criminal case was summarily rejected), on July 10, 2003, the petitioner pled guilty to one count of conspiracy to possess with intent to distribute quantities of cocaine, methamphetamine

and marijuana. Next, on November 18, 2003, this Court sentenced the petitioner to a term of 240 months imprisonment. The Court's Judgment of Conviction was filed January 6, 2004.

The petitioner did <u>not</u> directly appeal either his conviction or sentence. Therefore, those matters became final on or about January 20, 2004--that is, at the expiration of the brief period during which the petitioner could have given his notice of appeal in this case had he chosen to do so. Rather than filing an appeal, on November 10, 2004, on October 24, 2005, and on March 7, 2006, the petitioner brought collateral challenges his criminal case. However, each of those challenges was rejected--the first for a lack of merit, and the two others as unauthorized successive motions.

Now, the petitioner has filed this Motion for Reconsideration, first explaining what he perceives as the three categories of appeals in collateral cases; and then asserting, <u>inter alia</u>, that this Court erred in failing to consider the merits of his most recent collateral challenge. However, inasmuch as the petitioner has failed to set forth a valid basis for this Court to disturb its earlier decision on that matter, his Motion for Reconsideration must be <u>denied</u>.

In addition, the Court finds that the petitioner's Motion for a Certificate of Appealability also should be <u>denied</u>. That is, by that Motion, the petitioner has failed to show that this

Court's denial of his third motion to vacate constituted a denial of his constitutional rights. In particular, the petitioner has failed to demonstrate that reasonable jurists would find that this Court's procedural ruling was debatable or wrong. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Indeed, to the extent that the petitioner is claiming that his March 2006 filing was not a collateral attack, but an attempt to obtain a certificate of appealability, such attempt would fail because his request was made more than a year <u>after</u> the entry of any order which he might have appealed. On the other hand, to the extent that the petitioner was attempting to bring a collateral challenge by his March 2006 filing--as this Court concluded--such attempt properly was rejected as an unauthorized successive collateral motion. In sum, therefore, the petitioner simply is not entitled to any relief, nor is he entitled to any additional review of these matters.

Finally, however, because the petitioner has indicated that, in the event he is unsuccessful in obtaining reconsideration, he would like his Motion for Reconsideration to be treated as a notice of appeal, such request will be <u>granted</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion for Reconsideration is **DENIED**;

2. That the petitioner's Motion for a Certificate of

3

Appealability is **DENIED**; but

3. That the petitioner's Notice of Appeal will be duly noted for the record and transmitted to the Clerk of the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: June 1, 2006

Graham C. Mullen
United States District Judge